Myron Angstman, ABA 7410057
ANGSTMAN LAW OFFICE
P.O. Box 585
Bethel, Alaska  99559
Phone:  (907) 543-2972
Fax:  (907) 543-3394
myron@angstmanlawoffice.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CLARA JONES, on her own behalf and as the Personal Representative of the ESTATE OF TY BROWN, Deceased,<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>   Defendant | Case No. _____ |

# COMPLAINT

Plaintiff Clara Jones, on her own behalf as the surviving parent of Ty Brown, and as Personal Representative of the Estate of Ty Brown, by and through counsel of record Angstman Law Offices, alleges as follows:

## I. JURISDICTION

1. Plaintiff Clara Jones is a resident of the State of Alaska.

2. The acts or omissions upon which this cause of action is based occurred in Kotzebue, Alaska.

3. This suit is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2674, and this Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1346(b).

4. Notice of this claim as required by 28 U.S.C. § 2675 was received by the Indian Health Service, United States Department of Health and Human Services, on July 14, 2015.

5. More than six months have elapsed since plaintiff's claim was lodged with the Indian Health Service, United States Department of Health and Human Services, and that agency has failed to make a final disposition of plaintiff's claim. Pursuant to 28 U.S.C. § 2675(a), plaintiff deems this failure a denial of her claim.

## II. PARTIES

6. The Maniilaq Health Center (MHC) is located in Kotzebue, Alaska, and is operated by the Maniilaq Association (Maniilaq). Maniilaq is a contracting entity of the Indian Health Service (IHS). Health care providers at the MHC are employees of the United States for purposes of liability under the Federal Tort Claims Act (FTCA) if they are employees of the MHC, are acting within the scope of their employment, and are carrying out the contract with the IHS at the time of the acts which gives rise to this complaint.

7. At all times pertinent to this complaint, the employees of the MHC who are alleged to have acted in a negligent manner were acting within the scope of their employment and were also carrying out Maniilaq's contract with the IHS.

8. Clara Jones is the surviving adoptive mother of Ty Owen, a minor, who died on December 12, 2014. She is the duly appointed, qualified, and acting Personal Representative of the Estate of Ty Brown.

### III. FACTUAL BACKGROUND

9. Ty Brown was born in Kotzebue on October 14, 2012. Clara Jones had been his adoptive mother since he was approximately thirty minutes old. Clara Jones knew little about Ty Brown's adoptive mother or about Ty Brown's birth family's history.

10. Ty Brown had received vaccinations and other ordinary childhood care from MHC during his twenty-six month life.

11. On the afternoon of August 27, 2014, when Ty Brown was twenty-two months old, he presented to the MHC with seizures and hypoglycemia. After a matter of hours he was transported by medevac to the Alaska Native Medical Center (ANMC) in Anchorage.

12. Ty Brown was treated at the ANMC for two days and released on August 29, 2014. The medical staff at ANMC diagnosed Ty Brown to have suffered hypoglycemic seizures secondary to Carnitine palmitoyltransferase I (CPT I) deficiency. A genetic test was performed at ANMC, but the laboratory results were not received prior to Ty Brown's discharge from the facility. Ty Brown was scheduled for follow-up examinations at the MHC the following week.

13. Ty Brown returned with Carla Jones to Kotzebue, and he was seen at MCH for follow-up examinations on September 2 and September 9, 2014, but the results of the CPT1 genetic testing had not yet been received by the MHC.

14. Ty Brown was again examined at the MHC on October 27, 2014. His test results had been received by the MHC and they showed that he was positive for CPT1. The medical staff at the MHC diagnosed him with CPT1 on that day.

15. On December 12, 2014, Ty Brown's aunt, who was caring for him that afternoon, took him to the emergency room (ER) at the MHC at 12:45 p.m. Ty Brown was suffering from a fever and he had a pulse rate of 176. Ty Brown's aunt reminded the MHC staff of Ty Brown's seizure event just three and one-half months earlier, and also of his diagnosis of CPT1. The MHC medical staff diagnosed Ty Brown with influenza that afternoon. Despite the significant threat presented by influenza to a two-year-old with CPT1, the MHC staff simply sent him home with some ibuprofen. Ty Brown left the MHC ER at 2:52 p.m.

16. Ty Brown went home with his aunt. He was alive and responsive when she put him to sleep for a nap. Approximately one and one-half hours later she checked on him and found him unresponsive. She immediately took him to the MHC, where the staff attempted CPR and other lifesaving measures. Nevertheless Ty Brown could not be resuscitated and he was pronounced dead at 6:35 p.m. on December 12, 2014.

17. The State of Alaska Medical Examiner's Office performed an autopsy three days later, on December 15, 2014. The Autopsy Report identified the Cause of Death as CPT1, with a Contributory Condition of influenza.

### IV. CAUSE OF ACTION FOR WRONGFUL DEATH

18. Plaintiff re-alleges and incorporates by reference each and every allegation stated in paragraphs 1-17 above.

19. Maniilaq's medical personnel owed a duty to Ty Brown to provide medical care of a reasonable kind that conformed to the accepted standard of care.

20. Maniilaq's medical personnel breached this duty by the medical services they provided and/or omitted from providing to Ty Brown. These breaches included but are not limited to:

    a. the failure to recognize the life-threatening danger of influenza to a two-year old with CPT1;

    b. failing to admit Ty Brown into the MHC, and instead sending him home from the ER;

    c. failing to adequately inform Ty Brown's aunt as to the life-threatening nature of his condition at the time he was sent home;

    d. failing to instruct Ty Brown's aunt as to what specific symptoms and indications she might observe and what they might mean for Ty Brown;

    e. failing to instruct Ty Brown's aunt as to the appropriate periodic intervals between which she should observe and examine Ty Brown for such symptoms.

21. As a direct and proximate result of these acts and/or omissions, Ty Brown sustained pre-death personal injury, including physical and mental pain, for which his Estate is entitled to recover damages pursuant to AS 09.15.010 and AS 09.55.570, in an amount in excess of $75,000.00, the exact amount to be determined at trial.

22. As a direct and proximate result of the aforementioned negligent acts and/or omissions, Ty Brown died.

23. Pursuant to AS 09.15.010 and AS 09.55.580, plaintiff Clara Jones brings this wrongful death action for her own benefit in her individual capacity and for the benefit of the beneficiaries of Ty Brown's Estate.

24. As a direct and proximate result of the aforementioned negligent acts and/or omissions, Clara Jones personally suffered mental pain and emotional distress, and the loss of consortium of her son Ty Brown, and she is entitled to damages in an amount in excess of $75,000.00, the exact amount to be determined at trial.

25. At the time of his death, Ty Brown had a life expectancy in excess of an additional eighty years, and his Estate has been deprived of the value of the accumulations that he would have made to his Estate had he lived out his life expectancy, in an amount in excess of $75,000.00, the exact amount to be proven at trial.

26. Ty Brown's Estate also seeks compensatory damages for funeral expenses and other related expenses of his death.

**WHEREFORE,** plaintiff Clara Jones prays for the following relief:

1. For a judgment against defendant for compensatory damages in an amount in excess of $75,000.00, the exact amount to be proven at trial;

2. For an award of plaintiff's costs and attorney's fees;

3. For prejudgment interest; and

4. For such other and further relief that the Court deems just and equitable.

Dated at Bethel, Alaska, this 19th day of January, 2016.

        ANGSTMAN LAW OFFICE
        Attorneys for Plaintiff

        By:  s/Myron Angstman
            Myron Angstman
            ABA No. 7410057